IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE ORGANIC CONSUMERS ASSOCIATION, 6711 South Silver Hill Drive, Finland, MN, 55603, on behalf of the general public,<br><br>                      Plaintiff,<br><br>v.<br><br>THE HAIN CELESTIAL GROUP, INC., 58 South Service Road, Melville, NY 11747,<br><br>                      Defendant. | Civil Action No.: 16-925 |

## NOTICE OF REMOVAL

Defendant The Hain Celestial Group, Inc. ("Hain"), hereby removes this case from the Superior Court of the District of Columbia, Civil Division, to the United States District Court for the District of the District of Columbia pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully showing as follows:

      1.      This is an action arising from the labeling of Hain's "Earth's Best®" infant and toddler products. Plaintiff The Organic Consumers Association (the "OCA") alleges that it is a "non-profit public-interest organization." Compl. ¶ 24. Plaintiff alleges that "the OCA purchased several units of Earth's Best infant formulas." *Id*. ¶ 33. A true and correct copy of the Complaint is attached as Exhibit A to this Notice of Removal.

      2.      Plaintiff, a Minnesota entity, purports to bring this action as "a private attorney general" pursuant to D.C. Code § 28-3905(k)(1). Compl. ¶ 29. Plaintiff asserts a cause of action for violations of the D.C. Consumer Protection Procedures Act, D.C. Code, § 28-3901, and alleges that it "has a sufficient nexus to consumers of Earth's Best formulas to adequately

represent those interests." Compl. ¶ 76.  Plaintiff alleges that the ingredients in the formula products "are not only not organic but also specifically prohibited from organic formulas under the Organic Food Product Act of 1990 ("OFPA"), 7 U.S.C. § 6501, *et seq.*" *Id*. ¶ 5.  As a basis for its claim, Plaintiff further alleges that Hain "knew or should have known that the ingredients . . . are not allowed in organic products under applicable federal law and applicable USDA regulations." *Id*. ¶ 75.

       3.     As explained below, this Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and the action may be removed to this Court under 28 U.S.C. §1441 because (i) there is complete diversity of citizenship between OCA and Hain, and (ii) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  In addition, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### DIVERSITY OF CITIZENSHIP

       4.     Plaintiff OCA is, and at the time the Complaint was filed was, a non-profit corporation incorporated under the laws of the State of Minnesota with its principal place of business in Minnesota.  Compl., Caption; *see also* https://mblsportal.sos.state.mn.us/Business/SearchDetails?filingGuid=3d2b5e35-a6d4-e011-a886-001ec94ffe7f (identifying OCA as a Minnesota "Nonprofit Corporation (domestic)").  Therefore, OCA is a citizen of the State of Minnesota for purposes of federal diversity jurisdiction.

       5.     Defendant Hain is, and at the time the Complaint was filed was, a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of New York.  Compl. ¶ 19.  Therefore, Hain is a citizen of the States of Delaware and New York for purposes of federal diversity jurisdiction.

6.      The requisite diversity of citizenship is satisfied because OCA and Hain are citizens of different "States." 28 U.S.C. §§ 1332(a)(1), 1332(e). Moreover, because Hain is not a citizen of the District of Columbia, there is no in-forum defendant.

## AMOUNT IN CONTROVERSY

7.      Plaintiff alleges and seeks, *inter alia*, declaratory and injunctive relief, including: (i) a declaration that [Defendant's] conduct is in violation of the D.C. Consumer Protection Procedures Act; (ii) an order enjoining [Defendant's] conduct found to violate the D.C. Consumer Protection Procedures Act, and (iii) specifically seeking corrective advertising and revised labeling. Plaintiff also seeks attorneys' fees and punitive damages. Compl. Prayer for Relief.

8.      Although the Complaint does not demand a specific dollar amount in damages, the preponderance of the evidence demonstrates that the matter in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2)(B) (requisite amount in controversy may be demonstrated by "preponderance of the evidence"); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"; evidence is only required "if plaintiff contests (or a court questions), the defendant's allegation").

9.      It is well-established that"[i]n a suit for injunctive or declaratory relief, the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n* , 432 U.S. 333, 346-47 (1977); *Smith v. Washington*, 593 F.2d 1097, 1099 (D.C. Cir. 1978) (court looks "either to 'the value of the right that the plaintiff seeks to enforce or protect' ***or to the cost to the defendants to remedy the alleged***

*denial [of the right]*").[1]  The injunctive relief that Plaintiff seeks in the form of corrective advertising for the infant and toddler formulas, which Plaintiff alleges are sold through various online sellers and many "traditional 'brick and mortar' retailers" (Compl. ¶ 23), will ***patently*** exceed $75,000.  The cost of corrective advertising to Defendant (no matter how many members of the "general public" Plaintiff purports to represent in this case) will ***potentially*** include new labeling, advertising and marketing materials across the entire product line.

10. Moreover, Plaintiff further seeks punitive damages (Compl., Prayer for Relief), which are included in the calculation of the amount in controversy.  *See Bell v. Preferred Life Assur. Soc'y,* 320 U.S. 238, 240 (1943); *Ross v. First Family Fin. Servs., Inc.*, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("unspecified claims for punitive damages sufficiently serve to bring the amount in controversy over the requisite threshold set out in 28 U.S.C. § 1332").

11. In addition, Plaintiff seeks attorneys' fees under the D.C. statute which should be included as well for purposes of calculating the requisite amount in controversy.  14AA Wright, Miller, & Cooper, Federal Practice and Procedure § 3704.2 nn.28–29 (4th ed. 2011) ("If a state statute allows an award of attorneys' fees . . ., the prospect of those fees being awarded can be factored into the amount in controversy").

12. Accordingly, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

---

[1] Defendant does not concede that Plaintiff is entitled to the relief it seeks.  The plaintiff's "claim, whether well or ill founded in fact, fixes the right of the defendant to remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

**FEDERAL QUESTION**

13.     Plaintiff's Complaint is replete with references to federal law, including the OFPA, and federal regulations.  Specifically, Plaintiff's claim under the D.C. Consumer Protection Procedures Act is premised on whether Hain "knew or should have known that the ingredients . . . are not allowed in organic products under applicable federal law and applicable USDA regulations." *Id*. ¶ 75.  Moreover, the Complaint expressly alleges that Hain's products "are mislabeled under federal law" and that this violation is a claimed basis for Plaintiff's allegation that Hain "has violated D.C. Code § 28-3904." *Id*. ¶¶ 62(f), 72(f)-(g).

14.     Under United States Supreme Court precedent, "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*., 545 U.S. 308, 312 (2005).  Under *Grable*, a federal court may exercise federal question jurisdiction over a state-law claim where (1) the "state-law claim necessarily raise[s] a stated federal issue"; (2) the federal issue is "actually disputed and substantial"; and (3) the exercise of federal jurisdiction will not "disturb [ ] any congressionally approved balance of federal and state judicial responsibilities." *Id*. at 314.

15.     In this action, by its own admission, Plaintiff's claim necessarily depends on whether the labeling of Hain's products complied with *federal* law and regulations and Hain's knowledge regarding such *federal* standards.  Because Plaintiff's action necessarily raises "an important issue of federal law that sensibly belongs in a federal court" (*Grable*, 545 U.S. at 315), this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

16.     On or about April 5, 2016, Plaintiff filed this Complaint.  On April 27, 2016, Plaintiff served Hain with this Complaint.  This Notice of Removal is timely filed because

it is being filed no later than thirty days after service of the Complaint in this action as required by 28 U.S.C. § 1446(b).

17. The United States District Court for the District of the District of Columbia is the federal judicial district encompassing the Superior Court of the District of Columbia, Civil Division, where Plaintiff originally filed this suit, making this the proper federal district for removal of this case to federal court.  28 U.S.C. § 1441(a); 28 U.S.C. § 88.[2]

18. Attached is a copy of all process, pleadings, papers or orders that have been filed in this action, in the Superior Court of the District of Columbia, Civil Division.

19. Pursuant to 28 U.S.C. § 1446(d), Hain will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the District of Columbia, Civil Division, and will serve a copy of same upon counsel for Plaintiff.

20. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this action is properly removable.  *See Dart Cherokee Basin Operating Co.,* 135 S. Ct. at 554.

21. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter, including, without limitation, the defenses of (a) lack of jurisdiction over the person; (b) improper venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of

---

[2] Although the D.C. Code section under which Plaintiff brings this action provides that venue is in "the Superior Court of the District of Columbia," this Court has "jurisdiction to hear the claim because states cannot prevent resort to federal courts with proper jurisdiction for enforcement of a right created by the state." *Johnson v. Long Beach Mortgage Loan Trust 2001-4*, 451 F. Supp. 2d 16, 38 (D.D.C. 2006).

claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party(ies); (h) lack of standing; or (i) any other procedural or substantive defense available under state or federal law.

22. Hain reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Hain hereby removes this action from the Superior Court of the District of Columbia, Civil Division, to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, and states that no further proceedings may be had in the state action.

Dated: May 16, 2016

Respectfully submitted,

/s/ Robert J. Wagman, Jr.
Robert J. Wagman, Jr. (D.C. Bar No. 468926)
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, District of Columbia 20005
Telephone: (202) 682-3531
Email: robert.wagman@kayescholer.com

*Attorneys for Defendant The Hain Celestial Group, Inc*.